IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED

MAR 19 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| LEONZO BALBOA DE LEON,<br>　Petitioner, | § § § | |
| VS. | § § | CIVIL ACTION NO. B-98-102 |
| GARY L. JOHNSON, DIRECTOR OF THE<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE-INSTITUTIONAL DIVISION,<br>　Respondent. | § § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Leonzo Balboa De Leon ("De Leon") has filed a habeas petition (Docket No. 1) pursuant to the provisions of 28 U.S.C. § 2254. The Texas Defendants have filed a Motion for Summary Judgment (Docket No. 9) which, for the reasons set forth below, should be granted.

## BACKGROUND

De Leon was sentenced in September 1987, to ten years custody for possession of marijuana. According to a letter attached as Appendix A to the State's Motion for Summary Judgment, De Leon was paroled on June 1, 1998. He was re-incarcerated on January 17, 1989, as a parole violator because of a DWI conviction. On September 6, 1989, De Leon was paroled again. He was reimprisoned as a parole violator on March 5, 1991, after being charged with Illegal Investment. He was again paroled on September 5, 1991. On May 31, 1997, he was re-incarcerated as a parole violator, because of another DWI conviction.

De Leon filed an application for a writ of habeas corpus in the Texas Court of Criminal

Appeals This was denied. (The State Records in this case are on the Correspondence side of the file)

## THE § 2254 PETITION

In his Petition (Docket No.1) De Leon claims that the good time credit he had accrued prior to his parole being revoked was taken away from him. He also claims that denying him credit for "street time" is unconstitutional.

## RECOMMENDATION

De Leon's claims are meritless. Texas law clearly states that revocation of parole results in loss of accrued good time TEX. GOV'T. CODE ANN. 498.004(b).[1]

The Fifth Circuit has held that there is no constitutional violation in requiring a prisoner whose parole has been revoked to serve the entire remaining balance of his sentence. *Morrison v. Johnson*, 106 F.3d 127, 129 n.1 (5th Cir. 1997).

IT IS THEREFORE **RECOMMENDED** that the State's Motion for Summary Judgment be **GRANTED.**

IT IS FURTHER **RECOMMENDED** that Leonzo Balboa De Leon's Habeas Petition be **DISMISSED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.

---

[1] It is noted by this Court that the State in its Motion for Summary Judgment cited a repealed statute. This Court condemns this practice in the strongest possible way.

2

*Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 18th day of March 1999.

                                                                  _____
                                                                             John Wm. Black
                                                                      United States Magistrate Judge

3